UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
GARY ARGIROS,                          :
        Petitioner,                    :
                                       :              PRISONER
    v.                                 :      Case No. 3:09cv1088 (AWT)
                                       :
WARDEN TORRES,                         :
        Respondent.                    :
```

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Gary Argiros brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his January 14, 2003 conviction in Connecticut Superior Court, Judicial District of Hartford, on charges of burglary and larceny.[1]  For the reasons that follow, the petition is being dismissed.

---

[1] The petitioner also mentions a conviction and sentence imposed by a judge in the Connecticut Superior Court in Bantam, Connecticut. (*See* Pet. Writ Habeas Corpus at 2.)  On January 17, 2003, in the Connecticut Superior Court, Geographical Area 18 in Bantam, a judge sentenced the petitioner to four years of imprisonment for one count of burglary in the third degree.  See *State v. Argiros*, Case No. L18W-CR02-0107047-S.  This sentence was to be served concurrently with the sentences imposed on the petitioner on January 14, 2003 in Hartford. (*See* Pet. Writ Habeas Corpus, Attach. 15.)  Accordingly, that sentence would have expired at the latest on January 17, 2007, well before the petitioner commenced this action.  Because the petitioner was not in custody pursuant to the conviction and sentence imposed against him in Bantam on January 17, 2003 at the time he filed this action in July 2009, the court will not construe this action as challenging that conviction.

**I.    Procedural Background**

On January 14, 2003, in *State v. Argiros*, Case No. H14H-CR02-0557348-S, filed in Connecticut Superior Court, Geographical Area 14 in Hartford, the petitioner entered into a plea agreement and pled nolo contendere to one count of burglary in the third degree in violation Connecticut General Statutes § 53a-103 and one count of larceny in the second degree in violation Connecticut General Statutes § 53a-123.  Pursuant to the plea agreement, a judge imposed a sentence of five years of imprisonment on the burglary count to be served concurrently with a sentence of six years and three months of imprisonment followed by forty-five months of special parole on the larceny count for a total effective sentence of six years and three months of imprisonment followed by forty-five months of special parole. The petitioner did not appeal his conviction.  Later in 2003, the petitioner filed a petition for writ of habeas corpus in Connecticut Superior Court, Judicial District of Tolland at Somers.  *See Argiros v. Warden*, TSR-CV03-08252988-S (Conn. Super. Ct. Apr. 15, 2003).  On April 30, 2009, the petitioner withdrew the petition for writ of habeas corpus.

On July 8, 2009, the petitioner filed the present petition raising the following four grounds:

> [1] My rights for due process.  Rights of a humane being Transcript Sept. 12, 2002.  They made sure I would never have any legal help on my side. . . . [2] To help make, a Court

>           of Law to go by the law.  And maybe bring
>           back the Public Defenders office. . . [3]
>           They used my lack of the law.  To cover up
>           everything & my trying to order transcripts.
>           Totally crazy in Hartford & Bantam courts. .
>           . . [4] My special public defender.  My court
>           date was 3/28/06 - he aided the court, so
>           they could cover everything up.  I told him
>           on 2/10/06 He could be charged with
>           conspiracy if he didn't order Bantam's
>           transcript plus trial trans.

Pet. Writ Habeas Corpus at 9, 11, 13, 15.

**II.   Standard of Review**

A federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).  A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."  *Id.* at 845.

The Second Circuit requires the district court to conduct a two-part inquiry.  First, a petitioner must present "the

essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted).  Otherwise, the state courts will not have had an opportunity to correct the alleged errors.  *See O'Sullivan*, 526 U.S. at 845 (if petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies).  Second, he must have utilized all available means to secure appellate review of his claims. *Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).  The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile.  *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion not required if "circumstances exist that render such process ineffective to protect the rights of the applicant").

**III. Discussion**

It difficult to discern the basis for the petitioner's claims or how they relate to the conviction sought to be challenged in the present petition.  With regard to the second ground for relief, the petitioner does not assert that being held

4

in custody as the result of the convictions for which he was sentenced on January 14, 2003 violates the Constitution or federal laws.  Accordingly, the petition is denied as to the second ground for relief.

The third and fourth grounds appear to relate to the petitioner's state habeas petition and the special public defender appointed to represent him in that action.  The attachments to the petition include multiple letters to and from the petitioner regarding trial and other court hearing transcripts relating to the convictions for which he was sentenced on January 14, 2003 and the conviction for which he was sentenced on January 17, 2003 in Bantam.  The petitioner claims that the attorney appointed to represent him in connection with the state habeas petition challenging the convictions for which he was sentenced on January 14, 2003 was ineffective because he failed to obtain transcripts necessary to litigate the habeas petition.

Claims that a state conviction was obtained in violation of state law are not cognizable in a federal habeas action.  See Estelle, 502 U.S. at 68; *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998).  The Supreme Court has held that the Sixth Amendment right to counsel does not extend to a collateral attack on a conviction.  *See Coleman v. Thompson*, 501 U.S. 722, 755-57, (1991) (there is no right to counsel in state collateral

proceedings); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today.  Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").  Thus, because there is no constitutional right to counsel in a state habeas proceeding, the grounds for relief asserting claims of ineffective assistance of habeas counsel are not cognizable in this action.  Accordingly, the petition is being denied as to the third and fourth grounds for relief.

The petitioner describes his first ground for relief as a violation of due process and his rights as a human being.  In his recitation of facts supporting the claim, the petitioner states that the attachments to the petition demonstrate how he was forced to accept a plea agreement.  In the fourth attachment, the petitioner states that the attorney who represented him at trial and during plea negotiations worked together with the prosecutor and used "mental and physical torture" to coerce him to plead guilty.  (*See* Pet. Writ Habeas Corpus, Attach. 4.)

The petitioner asserts that he raised this claim in a state petition for writ of habeas corpus, *Argiros v. Warden*, TSR-CV03-08252988-S (Conn. Super. Ct. Apr. 15, 2003).  A special public defender represented the petitioner until March 28, 2006, when

6

the court granted his motion to withdraw as counsel. The petitioner represented himself until April 30, 2009. On that date, he participated in a hearing and following the hearing he withdrew his petition because the sentences imposed on January 14, 2003 had expired and because he was suffering terrible pain in his back. (*See id.* at Attach. 1.) The petitioner does not assert that he appealed the withdrawal of his petition. Thus, it is apparent that the petitioner has not exhausted his state court remedies as to the claim in ground one that his trial attorney worked together with the prosecutor and used "mental and physical torture" to coerce him to plead guilty.

## II. Conclusion

Grounds Two, Three and Four of the Petition for Writ of Habeas Corpus [**Doc. #1**] are being **DENIED. The petitioner is directed to show cause why Ground One of the petition should not be dismissed because it has not been fully exhausted in state court. The petitioner shall file his response within thirty days of the date of this order.**

SO ORDERED at Hartford, Connecticut, this 6th day of May 2010.

 /s/AWT
Alvin W. Thompson
United States District Judge