```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


GARY ARGIROS,                    :
     Petitioner,                 :
                                 :              PRISONER
     v.                          :      Case No. 3:09cv1088 (AWT)
                                 :
WARDEN TORRES,                   :
     Respondent.                 :
```

                          **RULING AND ORDER**

Petitioner Gary Argiros brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his January 14, 2003 conviction in the Connecticut Superior Court for the Judicial District of Hartford on charges of burglary and larceny. On May 6, 2010, the court denied grounds two, three and four of the petition and directed the petitioner to show cause why ground one of the petition should not be dismissed as unexhausted. The petitioner has filed his response to the order to show cause.

**I.   Procedural Background**

On January 14, 2003, in *State v. Argiros*, Case No. H14H-CR02-0557348-S, filed in the Connecticut Superior Court, Geographical Area 14 in Hartford, the petitioner entered into a plea agreement and pled nolo contendere to one count of burglary in the third degree in violation Connecticut General Statutes § 53a-103 and one count of larceny in the second degree in violation Connecticut General Statutes § 53a-123. Pursuant to

the plea agreement, a judge imposed a sentence of five years of imprisonment on the burglary count to be served concurrently with a sentence of six years and three months of imprisonment followed by forty-five months of special parole on the larceny count for a total effective sentence of six years and three months of imprisonment followed by forty-five months of special parole. The petitioner did not appeal his conviction.

Later in 2003, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland. *See Argiros v. Warden*, TSR-CV03-08252988-S (Conn. Super. Ct. Apr. 15, 2003). On April 30, 2009, the petitioner withdrew the petition for writ of habeas corpus. On July 8, 2009, the petitioner filed the present petition.

## II. Standard of Review

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Id.* at 845.

The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present "the essential factual and legal premises of his federal

constitutional claim to the highest state court capable of reviewing it." *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). Otherwise, the state courts will not have had an opportunity to correct the alleged errors. *See O'Sullivan*, 526 U.S. at 845 (if petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies). Second, he must have utilized all available means to secure appellate review of his claims. *Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005). The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion not required if "circumstances exist that render such process ineffective to protect the rights of the applicant").

**III. Discussion**

The petitioner describes his first ground for relief as a violation of due process and his rights as a human being. In the facts supporting the claim, the petitioner states that the attachments to the petition demonstrate how he was forced to accept a plea agreement. In the fourth attachment, the

3

petitioner states that the attorney who represented him at trial and during plea negotiations worked together with the prosecutor and used "mental and physical torture" to coerce him to plead guilty.  (*See* Pet. Writ Habeas Corpus, Attach. 4.)

The petitioner asserts that he raised this claim in a state petition for writ of habeas corpus, *Argiros v. Warden*, TSR-CV03-08252988-S (Conn. Super. Ct. Apr. 15, 2003).  A special public defender represented the petitioner until March 28, 2006, when the court granted his motion to withdraw as counsel.  The petitioner represented himself until April 30, 2009.  On that date, he participated in a hearing and following the hearing he withdrew his petition because the sentences imposed on January 14, 2003 had expired and because he was suffering terrible pain in his back.  (*See id.* at Attach. 1.)  The petitioner does not assert that he appealed the withdrawal of his petition.  Thus, it is apparent that the petitioner has not exhausted his state court remedies with respect to the claim in ground one that his trial attorney conspired with the prosecutor to coerce him to plead guilty.

In his response to the court's order to show cause why this claim should not be dismissed as unexhausted, the petitioner states that he sent the federal court some proof "that no matter what there can never be any kind of trust."  He claims that he was "mentally raped by [their] actions.  From 3 Superior Courts.

4

Which inclu[d]ed everyone involved with [his] case." (*See* Response at 1.)  The document filed by the petitioner and these allegations are not responsive to the court's order.  The petitioner has not alleged that he appealed the withdrawal of his habeas petition or that he otherwise exhausted his claim of coercion by his trial attorney and the prosecutor relating to his guilty plea.  Nor has he alleged sufficient facts to demonstrate that he should be excused from the exhaustion requirement because he had no opportunity to obtain relief for his claims in state court or because the state procedures were clearly deficient.  The fact that the petitioner does not trust the state courts is not a sufficient reason to excuse exhaustion of his claim.  Accordingly, ground one of the petition is dismissed without prejudice for failure to fully exhaust state court remedies.

**IV. Conclusion**

Ground One of the Petition for Writ of Habeas Corpus [**Doc. #1**] is hereby **DISMISSED** without prejudice.[1]  Because reasonable

---

[1] Where a petition contains both exhausted and unexhausted claims, the district court should not dismiss the petition if an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court.  *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).  Here, however, the petitioner has not fully exhausted the sole remaining claim included in his federal petition.  Thus, a stay is inappropriate.

jurists would not find it debatable that the petitioner failed to exhaust his state court remedies as to ground one of the petition, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    The Clerk is directed to enter judgment and close this case.

    It is so ordered.

    Dated 10th day of June, 2010, at Hartford, Connecticut.

                          /s/AWT
                    Alvin W. Thompson
              United States District Judge